ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FARMERS BANK & TRUST, N.A.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-2011-JAR |
| ) | |
| **RAY WITTHUHN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is defendant Ray L. Witthuhn's Motion to Modify the Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 29). Plaintiff has responded, opposing the motion. As described more fully below, the Court denies defendant's motion to modify the preliminary injunction.

After making detailed findings on the record after an evidentiary hearing on March 10, 2011, the Court entered a preliminary injunction order in this matter, enjoining defendant from competing in violation of his Employment Agreement with plaintiff. The Court's preliminary injunction states:

> For two (2) years following the date of this Order, unless sooner modified by this Court, within twenty five (25) miles of the home office or any branch office of Farmers Bank, Defendant Witthuhn shall not engage in any banking business, whether as an employee, officer or director of any bank, savings & loan, or credit union.[1]

The geographical scope of this restriction was based on the non-competition clause language in

---

[1](Doc. 26.)

the Employment Agreement. Defendant's only argument at the hearing in opposition to the motion for preliminary injunction was that the restriction did not apply to him because he was not terminated, which he argued was a prerequisite for the clause to be enforced against him. Finding in favor of plaintiff on the motion, the Court's preliminary injunction incorporated the prohibition as written in the Employment Agreement.

Defendant argues in his motion to modify that the injunction is ambiguous because it does not make clear whether employment outside the 25-mile radius is permissible if all clients are also outside the 25-mile radius, if the home office of the employer is within the 25-mile radius. Assuming defendant did not waive this argument by failing to raise it at the preliminary injunction hearing, the Court finds that plaintiff has shown a likelihood of success on the merits that the injunction is not ambiguous as written.

Generally, if the language in a written contract "is clear and can be carried out as written, there is no room for rules of construction. To be ambiguous, a contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language."[2] "'In considering a contract which is unambiguous and whose language is not doubtful or obscure, words used therein are to be given their plain, general and common meaning, and a contract of this character is to be enforced according to its terms.'"[3] The cardinal rule of contract interpretation is that the court must ascertain the parties' intention

---

[2] *Gore v. Beren*, 867 P.2d 330, 336 (Kan. 1994) (quotation omitted). A contract is construed against the drafter if the meaning is ambiguous. *Liggat v. Emp'rs Mut. Cas. Co.*, 46 P.3d 1120, 1126 (Kan. 2002).

[3] *Wagnon v. Slawson Exploration Co.*, 874 P.2d 659, 666 (Kan. 1994) (quoting *Barnett v. Oliver*, 672 P.2d 1228, 1238 (Kan. Ct. App. 1993)) (internal quotation omitted).

and give effect to that intention when legal principles so allow.[4] Where a contract is complete and unambiguous on its face, the court must determine the intent of the parties from the four corners of the document, without regard to extrinsic or parole evidence.[5]

Defendant argues that the terms of the Employment Agreement are ambiguous because they do not make clear whether defendant can perform services from a location outside of the 25-mile boundary, nor does it state that the radius applies to Farmers' branch offices in existence as of March 11, 2011. The Court has found that plaintiff established a likelihood of success on the merits of its breach of contract claim. As part of that showing, the Court finds that plaintiff has shown a probability of success on its claim that the non-competition clause, and therefore the injunction, is clear and unambiguous as written.[6] This showing includes that under the plain terms of the Employment Agreement, defendant is prohibited from engaging "in any banking business" "within twenty-five miles of the [Farmers Bank] home office or any branch office." Because plaintiff made the requisite showing on its motion for preliminary injunction, the Court declines to definitively construe the language of the Employment Agreement or modify the preliminary injunction as requested by defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Ray L. Witthuhn's Motion to Modify the Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 29) is **denied.**

---

[4] *Kay-Cee Enter., Inc. v. Amoco Oil Co.*, 45 F. Supp. 2d 840, 843 (D. Kan. 1999) (citing *Hollenbeck v. Household Bank*, 829 P.2d 903, 903–06 (Kan. 1992)).

[5] *Id.* (citing *Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 887–88 (Kan. 1992)).

[6] The parties are reminded that this showing does not require a substantial likelihood of success because plaintiff established the other three prongs of the test for issuance of a preliminary injunction. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (applying standard articulated in *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)).

**IT IS SO ORDERED**.

Dated: April 22, 2011

                                                                 S/ Julie A. Robinson
                                                                 JULIE A. ROBINSON
                                                                 UNITED STATES DISTRICT JUDGE