## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FARMERS BANK & TRUST, N.A. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 11-CV-2011 JAR/DJW |
| RAY L. WITTHUHN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>AGREED PROTECTIVE ORDER</u>

Pending before the Court is the Joint Motion for Entry of an Agreed Protective Order (ECF No. 47). It is anticipated that discovery in this case will involve the exchange of non-public financial and business information of plaintiff and of defendants. Plaintiff and defendants each operate or work at competitive businesses in the banking industry. Their financial records, results and business methods would or could be of value and use to their respective competitors. Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, on the agreed motion of the parties pursuant to Fed.R.Civ.P. 26(c) and for good cause shown, the Court grants the Joint Motion for Entry of an Agreed Protective Order (ECF No. 47) and enters the following Protective Order:

1. **Confidential Information**. The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential. As used in this Order, the term "Confidential Information" means any document, deposition

transcript (or portion thereof), request for admission response, or interrogatory response that contains or refers to non-public financial information or personal information (i.e., address, telephone number, social security number, birthdate, etc.) of any party or any third-party.

2. **Designating documents and information as confidential**. Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.

3. **Designating deposition testimony as confidential**. Any party may designate deposition testimony relating to the subjects stated in paragraph 1 above as "Confidential Information" by advising counsel of record in writing within thirty days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of thirty days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those

previously designated) will be treated as confidential.  No party shall re-designate documents or exhibits which have been previously designated as confidential.

4.     **Limited Disclosure of Confidential Information**.  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a.     Counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services in the litigation;

b.     The parties;

c.     Persons with prior knowledge of the documents or the Confidential Information contained therein;

d.     Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

e.     Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services to the litigation;

f.     Any independent document reproduction services or document recording and retrieval services;

g.     Any witness called to testify at deposition or trial;

h.      Any person reasonably believed by counsel for a party to be an actual or potential witness in the case, *provided* that, before seeing any Confidential Information, such witness shall have received a copy of this Order, agreed to be bound thereby, and signed the Certification attached hereto as Exhibit A;

i.      Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or by agreement of the parties.

5.      **Disputes Concerning Designation(s) of Confidential Information**.  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.  The burden of proving the propriety of a designation of confidentiality is on the designating party.

6.      **Use of Confidential Information**.  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom.  No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 4 of this Order.

7.      **Maintaining Confidentiality**.  The party who receives any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area.  The party who receives any Confidential Information shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

8.      **Filing Confidential Information**.  If any information which a party designates as "Confidential" is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), that Confidential Information shall be

filed in accordance with the rules and procedures outlined by this Court for filing confidential information under seal.  *See* D. Kan. Rule 5.4.6.

9.      **Confidential Information at Trial**.  Subject to evidentiary procedures and rules or orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing.  Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial.

10.     **Return of Confidential Information**.   Within 90 days after the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a.      Counsel of record for each party receiving Confidential Information shall, upon request, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b.      All parties who received any Confidential Information, shall return to the producing party all copies of Confidential Information that are in the possession of such party(ies), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 10.a.;

c.      Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10.a. and 10.b. above.

11. **Clawback.** Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, the Court hereby ORDERS:

Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

12.     **No Admission**.  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13.     **Enforcement**.  The Court's jurisdiction terminates upon final disposition of the case.  A party may, however, seek leave to reopen the case to enforce the provisions of this Order.


**IT IS SO ORDERED.**

Dated this 7th day of June, 2011, at Kansas City, Kansas.

s/ David J. Waxse_____
David J. Waxse
U. S. Magistrate Judge

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FARMERS BANK & TRUST, N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  11-CV-2011 JAR/DJW |
| | ) | |
| RAY L. WITTHUHN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATION UNDER AGREED PROTECTIVE ORDER</u>

The undersigned hereby certifies, under penalty of perjury:

1.      That I have received a copy of the Agreed Protective Order entered in this case by the Court;

2.      That I have read the Agreed Protective Order and understand it;

3.      That I agree unconditionally to be bound by all of the terms and provisions of the Agreed Protective Order as if I were a named party thereto;

4.      That I agree not to use or disclose any Confidential Information which I may receive other than in connection with this case; and

5.      That I will return to the party providing them all Confidential Information provided to me at the conclusion of this case.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this _____ day of _____, 2011 at _____.


_____
Signature

Print Name: _____
Address: _____
Telephone: _____