IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FARMERS BANK & TRUST, N.A.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| vs. ) | Case No. 11-2011-JAR |
| ) | |
| **RAY WITTHUHN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Farmers Bank & Trust, N.A. ("Farmers Bank") alleges several claims against its former employees, Defendants Ray Witthuhn and Tonetta Stieben. Plaintiff previously sought leave to amend the complaint to add claims against Community Bank of the Midwest ("Community Bank"), Witthuhn and Stieben's current employer, and to add a claim for breach of the duty of good faith against Witthuhn and Stieben. The Court ruled on that motion to amend along with a motion for partial summary judgment and a motion to dismiss, directing Plaintiff to file an amended motion for leave to amend in accordance with that Memorandum and Order.[1] Now before the Court is Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc. 95). Defendants oppose the motion, asking the Court to decline supplemental jurisdiction over the claims against Community Bank and to deny the motion for leave to add a claim for breach of the duty of good faith as duplicative of its existing claim for breach of the duty of loyalty. As explained more fully below, the Court grants Plaintiff's motion to amend; the Court will exercise supplemental jurisdiction over the claims against Community Bank and

---

[1]Doc. 94.

finds that Plaintiff's proposed additional claim against Defendants for breach of the duty of good faith is not futile in light of its existing claim for breach of the duty of loyalty.

## I.     Background

Plaintiff alleges several claims against its former employees, Defendants Ray Witthuhn and Tonetta Stieben.[2]  Plaintiff alleges a federal claim in Count III for violations of the Computer Fraud and Abuse Act ("CFAA"), and Kansas state law claims for breach of contract, violation of the Kansas Uniform Trade Secrets Act, conversion, civil conspiracy, unfair competition, and breach of the duty of loyalty.  Plaintiff alleges that Defendants engaged in a scheme to cripple Farmers Bank and enrich Community Bank whereby Whitthun and Stieben solicited Farmers Bank's clients on behalf of Community Bank, and copied and deleted Farmers Bank's sensitive business information.

Defendants filed a motion to dismiss the CFAA claims and requested that the Court decline supplemental jurisdiction over the remaining state law claims.  Plaintiff also filed a motion for leave to amend the complaint, seeking to add Community Bank as a Defendant, correct certain CFAA citations, and add certain factual allegations.  Defendants objected that the proposed amendment was futile for the reasons set forth in their motion for summary judgment. That is, Defendants contended that Plaintiff's CFAA claims failed as a matter of law because it was uncontroverted that Defendants were authorized to access Farmers Bank's computers and that they did not exceed that authorized access.  In light of the Court's rulings on summary judgment, it was unable to conclude that Plaintiff's original proposed second amended complaint was futile insofar as it amended the CFAA claims under § 1030, subsections (a)(2)(C), (a)(4),

---

[2]Defendant Brent Kerr was dismissed from this case after Defendants' dispositive motions were filed (Doc. 64).

and (a)(5)(A).  However, the Court found that the amendment would be futile with respect to Plaintiff's proposed amendment to subsection (a)(5)(C).  The Court also ruled that liability under the CFAA may not be premised on Defendants' unauthorized access, but instead, on the claim that they exceeded their authorized access.

Therefore, Plaintiff's motion to amend was denied but Plaintiff was granted leave to file a revised motion for leave to amend the complaint, attaching a proposed pleading that complies with its Memorandum and Order on summary judgment.  Because the Court denied the motion for summary judgment with respect to several provisions of the CFAA claim, it also denied the motion to dismiss on jurisdictional grounds.

## II.     Discussion

Plaintiff has now filed a second motion for leave to amend the complaint in response to the Court's directive, attaching a revised proposed second amended complaint.  Under Fed. R. Civ. P. 15(a), leave to amend should be freely granted, however "the district court may deny leave to amend where the amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[3]  Defendants oppose the motion, but not on the grounds cited in their original opposition brief.  Defendants do not argue that the proposed second amended complaint fails to abide by the Court's summary judgment ruling.  Instead, Defendants argue that the Court should decline to exercise jurisdiction over the state law claims against Community Bank and that the proposed claim for breach of the duty of good faith is futile because it is duplicative of the breach of the duty of loyalty claim. The Court addresses each in turn.

---

[3] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

### A.     The Court Exercises Jurisdiction Over the Claims against Community Bank

The Court has supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . [and] shall include claims that involve the joinder or intervention of additional parties."[4]  Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[5]

The Court is satisfied that the state law claims against Community Bank are so related to the existing claims in this case against Defendants Witthuhn and Stieben that they are part of the same case or controversy.[6]  Defendants do not argue that these claims are unrelated.  Instead, Defendants urge the Court to exercise its discretion and find that this is an exceptional circumstance where compelling reasons exist for declining jurisdiction.  Defendants argue that compelling circumstances exist because Plaintiff only alleges state law claims against Community Bank.  But this is a circular argument.  Under § 1367(a), supplemental jurisdiction may include joinder of additional parties and the Court declines to find that this fact alone would be a compelling reason to decline to exercise supplemental jurisdiction under § 1367(c)(4).  Moreover, the Court is unable to find that other exceptional circumstances exist here that provide a compelling reason to decline to exercise jurisdiction.  The state law claims against Community Bank are neither novel nor complex state law issues and, most importantly, judicial efficiency

---

[4]28 U.S.C. § 1367(a).

[5]28 U.S.CS. § 1367(c)(4).

[6]*See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that the plaintiff's claims "must derive from a common nucleus of operative fact.").

will not be served by declining jurisdiction. The case has been litigated in federal court for more than ten months and the parties have engaged in mediation, motions practice, and discovery. Given the relatedness of the existing claims to those asserted against Community Bank, judicial efficiency will be best served by the Court exercising jurisdiction over these claims.[7]

### B.    Plaintiff's Breach of Fiduciary Duty Claim is not Futile

Proposed Count IX alleges that Witthuhn and Stieben owed Farmers Bank a fiduciary duty of good faith to disclose their plans to compete with Farmers Bank while they were engaging in the substantial planning and overt acts in furtherance of a conspiracy to compete and that they breached the duty of good faith by failing to disclose their plans to compete. Count VII of the First Amended Complaint alleges that Witthuhn and Stieben breached their duty of loyalty to Farmers Bank by surreptitiously obtaining Farmers Bank's business information and by competing with Farmers Bank while still under its employ. Defendants argue that the proposed claim for breach of the duty of good faith is duplicative of Plaintiff's existing claim for breach of the duty of loyalty and, therefore, this amendment would be futile.

Plaintiff maintains in its reply that the two claims differ because the duty of loyalty is premised on Defendants' roles as employees of Farmers Bank, while the duty of good faith is based on their roles as officers. Neither side cites authority for their arguments on this point and the Court declines to conduct an extensive analysis on the similarity of the elements of these claims or the basis upon which the duties of loyalty and good faith arise. For the purpose of this motion, the Court is unable to find that the proposed second amended complaint would be subject to dismissal. Plaintiff alleges that Defendants Witthuhn and Stieben breached two

---

[7] *See De Luna-Guerrero v. N.C. Grower's Ass'n, Inc.*, 328 F. Supp. 2d 649, 652–53 (E.D.N.C. 2004) (finding exceptional circumstances based on judicial efficiency).

different duties based on their roles as officers and employees at Farmers Bank.  The alleged breaches are slightly different—Plaintiff alleges a breach of the duty of good faith based on the failure to disclose Defendants' plans to compete, while the duty of loyalty additionally alleges a breach by surreptitiously obtaining Plaintiff's business information.  Moreover, Plaintiff argues that Defendants are subject to a higher punitive damages award on the duty of good faith claim based on the higher level of trust and confidence imposed on Defendants in their role as officers.  Because Plaintiff's claims are not alleged to be based on the same conduct, the Court declines to deny leave to amend on futility grounds.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc. 95) is granted.  Plaintiff shall file the Second Amended Complaint attached to Doc. 95 within fourteen days.

Dated: November 28, 2011

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE